Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed amendment to the Arkansas Constitution. You previously submitted a proposed popular name and ballot title for a similar measure, which I rejected due to ambiguities in the text of your measure. See Op. Att'y Gen. 2000-215. You have made revisions to your proposed amendment and now submit the following popular name and ballot title for my certification:
Popular Name
 PUBLIC SCHOOL FUNDING USING 18% NET GAMING REVENUE TAX FROM CASINO GAMBLING ON WATER VESSELS
Ballot Title
 PROVIDING FOR THE OPERATION OF GAMBLING AND GAMING DEVICES AS THE RISKING OF MONEY BETWEEN TWO OR MORE PERSONS ON A CHANCE, WHERE ONE MUST BE LOSER AND THE OTHER GAINER WITH THE USE OF COMMONLY CALLED GAMING DEVICES AND GAMBLING TO INCLUDE ANY KIND OF ROULETTE WHEEL, SLOT MACHINES OF ANY KIND, GAMING TABLES OF ANY KIND FOR THE USE OF CARDS USED IN ANY MANNER, GAMING TABLES OF ANY KIND FOR THE USE OF DICE USED IN ANY MANNER AS A VOLUNTARY OPTION TO OPERATE ANY ONE OR MORE OR ALL OF THE AFOREMENTIONED GAMING DEVICES AND GAMBLING ON WATER VESSELS ONLY ON NAVIGABLE WATER WAYS AND PUBLIC LAKES WITHIN THE STATE BY THE "ARKANSAS RIVER BOAT CASINO COMPANY"; PROVIDING NO RESTRICTION ON THE TIME OR DAYS FOR OPERATING GAMBLING AND GAMING DEVICES ON WATER VESSELS OPERATED ONLY ON NAVIGABLE WATER WAYS AND PUBLIC LAKES BY THE ARKANSAS RIVER BOAT CASINO COMPANY; PROVIDING FOR THE SALE AND COMPLIMENTARY SERVICE OF ALCOHOLIC BEVERAGES DURING THE OPERATING TIME OF GAMBLING AND GAMING DEVICES ON WATER VESSELS OPERATED ONLY ON NAVIGABLE WATER WAYS AND PUBLIC LAKES BY THE ARKANSAS RIVER BOAT CASINO COMPANY; PROVIDING NO LICENSES OR FEES SHALL BE REQUIRED BY THE STATE, OR ANY SUBDIVISION THEREOF, TO OPERATE GAMBLING AND GAMING DEVICES ON ANY WATER VESSEL ON NAVIGABLE WATER WAYS AND PUBLIC LAKES WITHIN THE STATE; PROVIDING FOR NO LICENSES OR FEES SHALL BE REQUIRED BY THE STATE, OR ANY SUBDIVISION THEREOF, TO SELL OR SERVE COMPLIMENTARY ALCOHOLIC BEVERAGES DURING THE OPERATION OF GAMBLING AND GAMING DEVICES ON ANY WATER VESSEL ON NAVIGABLE WATER WAYS AND PUBLIC LAKES WITHIN THE STATE; PROVIDING FOR THE LEGAL SHIPMENT OF GAMBLING DEVICES ONTO A WATER VESSEL WITHIN A COUNTY OF THE STATE; PROVIDING NO PERSON UNDER THE AGE OF 21 SHALL PARTICIPATE IN CASINO GAMING ON ANY WATER VESSEL OPERATED ON NAVIGABLE WATER WAYS AND PUBLIC LAKES BY THE ARKANSAS RIVER BOAT CASINO COMPANY WITHIN THE STATE; DEFINING THE "ARKANSAS RIVER BOAT CASINO COMPANY" AS THE ASSUMED NAME OF A SINGLE UNINCORPORATED ENTITY THAT SHALL BE REGISTERED TO DO BUSINESS IN THE STATE UNDER THE NAME OF BARRY L. EMIGH AT THE TIME, OR BEFORE, GAMBLING AND GAMING DEVICES SHALL BE OPERATED WITHIN THAT COUNTY UNDER THE PROVISIONS OF A.C.A. §§ 4-70-201 TO -206O [SIC] OF WHICH COMPANY SHALL BE TRANSFERABLE TO SAID PERSON'S HEIRS, AND THEIR HEIRS AND SO ON AS AN INHERITANCE WITHOUT TAXATION OF ANY INHERITANCE BY THE STATE; ANY TRANSFER IN PART OR AS A WHOLE OF THE ARKANSAS RIVER BOAT CASINO COMPANY TO ANYONE OTHER THAN BARRY L. EMIGH'S HEIRS, AND THEIR HEIRS, AND SO ON SHALL BE APPROVED BY A MAJORITY VOTE OF BOTH HOUSES OF THE GENERAL ASSEMBLY; PROVIDING NO TAXES, ASSESSMENTS OR FEES ON ANY WATER VESSEL, AND THE CONTENTS WITHIN ANY VESSEL, OPERATED BY THE ARKANSAS RIVER BOAT CASINO COMPANY USED FOR GAMBLING PURPOSES; PROVIDING NO OTHER TAXES ON THE GROSS AND NET GAMING INCOMES OF THE ARKANSAS RIVER BOAT CASINO COMPANY OPERATING GAMBLING AND GAMING DEVICES ON NAVIGABLE WATER WAYS AND PUBLIC LAKES BY THE STATE OTHER THAN THOSE SPECIFIED HEREIN; PROVIDING AN 18% PERCENT TAX ON THE TOTAL NET GAMING REVENUES FROM EACH VESSEL OPERATING GAMBLING AND GAMING DEVICES WITHIN THE STATE BY THE "ARKANSAS RIVER BOAT CASINO COMPANY" SHALL BE PAID TO THE DEPARTMENT OF FINANCE AND ADMINISTRATION TO BE ALLOCATED AS FOLLOWS: 8% OF THE NET GAMING REVENUE TAX SHALL BE PAID TO THE STATE, 6% OF THE NET GAMING REVENUE TAX TO THE COUNTY FROM ANY VESSEL OPERATING GAMBLING AND GAMBLING DEVICES WITHIN THAT COUNTY AND DIVIDED EQUALLY FROM THOSE VESSELS OPERATING GAMBLING WITHIN THE CITY LIMIT OF A CITY, 12% OF THE TOTAL NET GAMING REVENUE TAX SHALL BE DIVIDED EQUALLY AND DISTRIBUTED TO THOSE COUNTIES NOT HAVING A GAMBLING OPERATION ON ANY WATER VESSEL OPERATED BY THE ARKANSAS RIVER BOAT CASINO COMPANY WITHIN THOSE COUNTIES; 16% TO BE DIVIDED BY THE PREVIOUS YEAR'S NUMBER OF STUDENTS ATTENDING ALL PUBLICLY FUNDED UNIVERSITIES, COLLEGES AND COMMUNITY COLLEGES WITHIN THE STATE AND DISTRIBUTED TO EACH OF THOSE SCHOOLS BASED UPON THE NUMBER OF STUDENTS ATTENDING THAT SCHOOL FROM THE PREVIOUS YEAR; 58% TO BE DIVIDED BY THE PREVIOUS YEAR'S NUMBER OF STUDENTS K THROUGH 12TH GRADES AND DISTRIBUTED TO EACH SCHOOL DISTRICT BASED UPON THE NUMBER OF STUDENTS WITHIN THAT SCHOOL DISTRICT FROM THE PREVIOUS YEAR; PROVIDING FOR THE ANNUAL AUDITING OF THE ARKANSAS RIVER BOAT CASINO COMPANY BOOKS, RECORDS, AND FINANCIAL AFFAIRS BY THE STATE AUDITOR; PROVIDING THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE SEVERABILITY AND TO REPEAL ANY STATUTES AND LAWS IN CONFLICT WITH THIS AMENDMENT
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. SeeArkansas Women's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant,259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall, 229 Ark. 411,316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v.McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v.McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v. McCuen,296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law.Christian Civic Action Committee v. McCuen, 318 Ark. 241,884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen,303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities and misleading tendencies in thetext of your proposed measure. The popular name is, moreover, misleading in my view. A number of additions or changes to your ballot title are, I believe, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following problems:
 1. The emphasis upon "Public School Funding" in the proposed popular name is, in my opinion, misleading because it implies that the tax proceeds will be applied only to the public schools, whereas a portion of the tax would also go to the state and counties (and cities in some instances) under the amendment. This, in my view, lends partisan coloring to the merit of the proposal. See discussion above (regarding the sufficiency of a popular name).
 2. Although you have made several changes in the text of your proposal regarding the "Arkansas River Boat Casino Company," it is my opinion that the modifications do not resolve the ambiguity or misleading tendencies in this regard. The definition of this entity (set forth in Section 1) now refers to the Arkansas River Boat Company as an "assumed name," and the provisions of A.C.A. §§ 4-70-201 — 206 are cited. These Code sections are aimed at preventing persons from doing business under an assumed name unless they have filed the requisite certificate. See A.C.A. § 4-70-203. A person who wishes to conduct or transact business under an assumed name must file a certificate in the county setting forth the name under which the business is to be conducted and the name of the person conducting it. Id.
Thus, these Code sections simply afford a means of operating a business in some name other than your own. Contrary to the inference in the language of your proposal, there is no "registered" entity doing business following the filing of a certificate under A.C.A. §§ 4-70-201—206. Rather, you are simply allowed to do business under that name. This is, I believe, a critical distinction when reviewing your proposed measure. If, in fact, you propose to simply file a certificate authorizing you to do business under the name of the "Arkansas River Boat Casino Company," then in my opinion this must be made abundantly clear in the text of your measure. As currently drafted, your proposed measure gives the impression that this Company exists as some separate entity. The text is plagued throughout by this ambiguity or misleading tendency. Section 1 states, for instance, that immediately upon passage of the amendment "the `Arkansas River Boat Casino Company' . . . shall be permitted to operate gambling. . . ." Section 4 states that "[t]he Arkansas River Boat Casino Company shall pay an eighteen (18%) percent annual tax. . . ." If I am correct in my understanding of your intentions, this is inaccurate. You are the one who will be permitted to operate gambling and who will be taxed following passage of the amendment. There will be no separate entity. The language of the current text, and thus necessarily the ballot title, mislead the voter by placing the emphasis upon this "Company." As I stated in Opinion 2000-215, the precise identity of the entity or individual who will have exclusive rights to the authorized gambling operations must be very clear from the language of the amendment. Otherwise, if the text is confusing in this regard, any effort to summarize the measure in a ballot title will inevitably fail.
As a final note, I would point out that the name "Arkansas River Boat Casino Company" may also be inherently misleading because this amendment, if adopted, will not limit you to operating the gambling activities on rivers. The text provides for gambling on "navigable water ways and public lakes." I am uncertain whether this confusion or misleading tendency can be corrected in a ballot title, but the insufficiency of the ballot title before me is attributable in part to this discrepancy.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law.See, e.g., Finn v. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest, Case No. 00-485 (July 7, 2000). The Court concluded: "[i]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title.See A.C.A. § 7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General